■ In the Matter of IRVING M. HERSHKOWITZ, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [650 NYS2d 169] —Determination of respondent New York State Liquor Authority dated September 6, 1995, cancelling petitioner's solicitor's permit and imposing a $1,000 bond forfeiture, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered February 15, 1996) dismissed, without costs.

Substantial evidence, in the main consisting of petitioner's admissions that he gave money and gifts to bartenders of

licensees' premises, made liquor deliveries in his own vehicle, held interests in four different retail licensees, "borrowed" liquor from one retail licensee and gave it to another, bought samples of liquor that he gave to licensees and guaranteed licensees' payment for liquor owed to his principal, supports respondent's findings that petitioner violated Alcoholic Beverage Control Law § 100 (1); § 101 (1) (a) and (c); § 102 (3-a) and § 104 (5), as well as Rules of the State Liquor Authority rule 36.1 (h) (9 NYCRR 53.1 [h]). The notice of pleading detailing the charges was both timely under Alcoholic Beverage Control Law §§ 118 and 119 and sufficient. The penalty is commensurate with ongoing offenses that gave petitioner an unfair competitive advantage. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.